Troy, Paul E., J.
INTRODUCTION
The plaintiffs in this matter are the Local 589, Amalgamated Transit Union (“the Union”), which represents a certain class of employees of the defendant, Massachusetts Bay Transportation Authority (“the MBTA”) for purposes of collective bargaining, and two former Union-represented employees of the MBTA, Robert A. Ferdinand and Kevin Edginton. Plaintiffs assert entitlement to accrued but unused vacation pay pursuantto G.L.c. 149, §148 (“the Wage Act” or “§148”) after they were terminated by the MBTA under certain specified circumstances. The MBTA argues that the plaintiffs are not entitled to the accrued, unpaid vacation pay pursuant to the collective bargaining agreement (“the Agreement”), and because all issues material to this action were determined in a prior arbitration proceeding and are therefore precluded. Both parties have moved for summary judgment. For the foregoing reasons, Plaintiffs’ Motion for Summary Judgment is DENIED, and Defendant’s Cross Motion for Summary Judgment is ALLOWED.
BACKGROUND
In May 2004, prior to commencing the current lawsuit, plaintiffs filed a “non-payment of wages complaint” with the Office of the Massachusetts Attorney General. Shortly thereafter, the Office of the Attorney General issued to plaintiffs an authorization to pursue their claim pursuant to G.L.c. 149, §150 which authorizes private causes of action for alleged violations of §148. Plaintiffs then filed suit in June 2004 alleging that the MBTA violated the Wage Act by failing to pay former employees accrued and unused vacation pay.
In January 2005, the parties stipulated that the matter was properly classified as a class action and that the Union was an adequate representative of the class. The parties further agreed that the matter would be presented to an arbitrator utilizing the rules and procedures as provided in the arbitration provisions of the Union/MBTA collective bargaining agreement. The parties further stipulated that the arbitrator’s decision would be “final and binding” upon them and on all other members of the class. However, each party reserved the right to present to the court for de novo review an interpretation by the arbitrator as to the meaning or application of §148. In April 2005, the matter was presented to Arbitrator James Litton (“Arbitrator Litton”). On January 19, 2006, Arbitrator Litton issued his award and concluded that the MBTA’s practices and policies concerning vacation pay did not violate §148.
Arbitrator Litton based his conclusions on the following: (1) §148 requires that vacation pay is to paid employees only if such payments are “due an employee under an oral or written agreement”; and (2) the long-standing intent of the parties was that vacation payments were not “due” to employees who were terminated for cause, nor to those who resigned in lieu *549 of termination.[3] It is from this ruling that plaintiffs seek relief in their motion for summary judgment.
DISCUSSION
Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The non-moving party cannot conjure up genuine issues of material fact or merely rely on the allegations or denials of her pleading. See Mass.R.Civ.P. 56(e). Con elusory statements, general denials, and allegations not based on personal knowledge are insufficient to avoid summary judgment. Madsen v. Erwin, 395 Mass. 715, 721 (1985). Rather, the non-moving party bears the burden of introducing enough countervailing data to demonstrate the existence of a genuine issue for trial. See Wooster v. Abdow Corp., 46 Mass.App.Ct. 665, 673 (1999).
The Wage Act
Employers in Massachusetts must tender wage payments to their employees in accordance with the Wage Act. G.L.c. 149, §148. Under §148, the term “wages” includes “any holiday or vacation payments due an employee under an oral or written agreement.” Id. (emphasis added). Thus, a person’s right to receive vacation pay necessarily arises from the private employment agreement one has with his employer. Id[4]
Moreover, the legislative history of §148 shows the importance the legislature placed on when wages are “due” an employee. In 1966, the House Committee on Labor and Industries introduced a bill (House Bill No. 199) to clarify the weekly payment of wages law under §148. That bill would have amended the Wage Act to include the following language: “The term ‘wages’ shall include any holiday or vacation payments due an employee.” See H.R. 199, Reg. Sess. (Ma. 1966). This bill was rejected in the legislative process, and the bill that was finally approved added the modifying language “under an agreement oral or written”[5] after the word “employee” in the original proposal. See Acts, 1966 c. 319; 1966 House Journal 1441.
The Wage Act further mandates that “(n]o person shall by a special contract with an employee . . . exempt himself from this section or from section one hundred and fifty.” G.L.c. 149, §148. However, §148 does not define what a “special contract” means; therefore, the court must interpret the language of the statute. In Massachusetts, statutory construction must begin with the language of the statute itself. Dartt v. BFI, Inc. (Massachusetts), 427 Mass. 1, 8 (1998) (“The language of a statute is the best indication of legislative intent”). In construing a statute, all of the statutory language will be interpreted holistically, and “[the] statute . . . should not be construed in .. . such a way as to make a nullity of pertinent provisions.” Manning v. Boston Redevelopment Authority, 400 Mass. 444, 453 (1987).
In the case at bar, the MBTA first argues that application of the Wage Act does not apply to it,[6] and even if it did, the payment of accrued, but unused vacation is not “due” the plaintiffs pursuant to the Agreement between the parties. In contrast, plaintiffs rely on a determination of the Office of Attorney General to argue that the vacation pay is due them as past wages earned that vested when the employees’ services were rendered to the MBTA. Furthermore, the Union argues that the “the Agreement guarantees the employee[s] payment for earned vacation” and that “vacation time is not granted, it is earned.” Finally, in the alternative, the Union argues that the Agreement is a “special contract” under §148 whereby the MBTA is attempting to circumvent its obligation to pay the earned wages due to the class.
After reviewing the record, the court finds the defendant’s arguments must prevail for the following reasons. First, the plain meaning of §148 only gives the plaintiffs the right to collect the vacation pay as “wages” from the defendant pursuant to “an oral or written agreement.” (Emphasis added.) As Arbitrator Litton concluded at the arbitration proceedings, the Agreement between the parties does not support that vacation pay was “due” to employees who were terminated for cause or to those who resigned in lieu of termination. The individuals involved fall within that category of employees, and therefore, are not entitled to the vacation pay according to the plain meaning of the Agreement. Finally, plaintiffs’ reliance on the determination of the Attorney General’s Office to support their claim here is incorrect insofar as they attempt to argue that “wages” were defined by something other than the Agreement. That is, the vacation pay at issue was not contingent upon whether or not the employees’ services were already rendered, but instead the Agreement excluded from its provisions employees discharged for cause, or those who resigned in lieu of discharge.
Second, the legislative intent of the Wage Act is clear and does not support plaintiffs’ contention. Had the legislature intended that all vacation pay be “due” an *550 employee regardless of the surrounding circumstances, it arguably would have passed the Wage Act without the modifying language “under an agreement oral or written” after the word “employee” in the originally proposed bill. Its choice not to ratify the bill as originally proposed, coupled with the plain reading of the statute in its current form, reflects the legislature’s intent that entitlement to such wages is predicated upon a contractual agreement between an employer and an employee.
Finally, there is no evidence in the record that the MBTA entered into a “special contract” with plaintiffs that would have been barred by the statute. Rather, the parties agreed to specifically exclude payment of accrued, but unused, vacation time in their Agreement to employees discharged for cause or in lieu of termination. Although most contracts between an employer and an employee do not contain such provisions, but instead pay accrued vacation time regardless of case-by-case circumstances, that did not occur here. Instead, the parties here are entitled to the benefit of their underlying bargain specifically excluding these individuals, and the court will enforce that provision, when read in conjunction with the Wage Act. Therefore, the plaintiff-employees are not entitled to accrued, but unused, vacation pay.
ORDER
For the foregoing reasons, it is hereby ORDERED that Plaintiffs’ Motion for Summary Judgment be DENIED, and Defendant’s Cross Motion for Summary Judgment be ALLOWED.[7]

Litton based this latter assessment on a prior arbitration decision in 1985 heard before Arbitrator Lawrence T. Holden, Jr. (“the Holden Award”). Litton reasoned that although the Holden Award was based on a wage claim that “arose in the context of a traditional grievance under a collective bargaining agreement and the wage claim in this case arose as a civil action in the Superior Court,” the labor contract between the parties in both circumstances had identical language regarding payment of vacation to employees. That is, the MBTA’s practice at the time of the Holden Award in 1985 through the present was that accrued but unused vacation time would not be paid to discharged employees, nor to those who resigned in lieu of termination. Therefore, Litton concluded that, like the Holden Award, the plaintiffs here were not entitled to the vacation pay because § 148 provides that wages are only “due an employee under an oral or written agreement” and plaintiffs’ collective bargaining agreement with the MBTA did not support the payment of the wages.

See also Lyons v. Nat’l Ass’n of Gov’t Employees, Inc., Norfolk County Super.Ct., Civil Action No. 02-00527 (April 13, 2004) (Borenstein, J.). In Lyons, the court granted summary judgment for the defendant and dismissed plaintiffs’ §148 claim, stating “the Wage Act does not create a right which is not present in the private agreement.”

On May 31, 1966, this language was amended into its present form to subsequently define the term “wages” as including “any holiday or vacation payments due an employee under an oral or written agreement.” See Acts, 1966, c. 319, p. 253.

For purposes of this motion, the court does not address this argument and assumes, as Arbitrator Litton did at arbitration, that §148 applies to the MBTA.

At the motion hearing and in support of its cross motion for summary judgment, MBTA also argued that the doctrine of res judicata precluded plaintiffs’ entitlement to summary judgment because the application of §148 was previously decided at arbitration. The court need not address this argument because of its foregoing ruling, and, by agreement, the parties reserved the right to seek a de novo review of the arbitrator’s interpretation and application of the Wage Act.